# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

**In re:**

**Alain Perpetus Joseph,**

**Debtor.**

**Case No. 25-00563-ELG**

**Chapter 11**

## U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASE

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "U.S. Trustee"), by counsel, moves this Court to dismiss this chapter 11 case. In support of this motion the following representations are made:

1.  The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2.  This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3.  On April 16, 2025, Alain Perpetus Joseph ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, Case No. 25-00139-ELG. The petition was accompanied by Schedules and his Statement of Financial Affairs.

4.  On July 16, 2025, the Debtor filed a Motion to Dismiss Case.

5.  On July 17, 2025, this Court entered an Order of Voluntary Dismissal.

6.  On December 4, 2025 (the "Petition Date"), the Debtor filed a *pro se* voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Petition was not accompanied by Schedules or a Statement of Financial Affairs.

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

7. On December 4, 2025, the Debtor was notified via e-mail of important information relating to his case including the scheduling the Initial Debtor Interview ("IDI") for December 19, 2025 at 10:00 a.m., guidelines and reporting requirements, and the deadline to provide financial information to the United States Trustee.

8. The Debtor later informed the U.S. Trustee's office that he would not be appearing at the IDI on December 19, 2025.

9. On December 22, 2025, undersigned counsel advised the Debtor that the U.S. Trustee would be conducting the 341 meeting of creditors on January 8, 2026, and requested that all outstanding documentation be provided on or before January 2, 2026.

10. Undersigned counsel called the 341 Meeting of Creditors at 2:00 p.m. on January 8, 2026 and the Debtor did not appear.

11. The office has not received any further communication from the Debtor.

12. The Debtor, upon information and belief, owns multiple parcels of real estate. In Case No. 25-00139, the Debtor filed a Schedule A/B showing ownership of the following real properties:

   a. 126 Adams Street NW, Washington, DC 20001

   b. 160 First St. NE, Washington, DC 20002

   c. 1337 Kenyon Street NW, Washington, DC 20010

13. The Debtor indicated that the Adams Street property is a multi-family property where he maintains his principal residence. It is unknown at this time if any of the properties are otherwise occupied.

14. The Debtor has not provided certificates of insurance for any of the real property to the U.S. Trustee. Further, at the time of filing this Motion, the Debtor has failed to provide **<u>any</u>**

of the other requested documents by the U.S. Trustee, including but not limited to federal tax returns, pre-petition bank statements, evidence of closing pre-petition bank accounts, and opening of new DIP accounts.

15. Additionally, the Debtor has failed to file his schedules and statements.

### Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) contains a non-exhaustive list of circumstances which constitute "cause" for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4). "Cause" includes the failure to maintain appropriate insurance that poses a risk to the estate or to the public, unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; and includes failure timely to provide information or attend meetings reasonably requested by the United States trustee. *See* 11 U.S.C. § 1112(b)(4)(C), (F) & (H).

Here, "cause" exists to grant the requested relief under section 1112(4)(C) for the failure to provide insurance policies on the real estate, which poses a risk to the estate or to the public. Cause also exists under 1112(4)(F) and (H) for the unexcused failure to satisfy timely the filing of the Debtor's statements and schedules and for the failure to: (i) appear at the IDI, (ii) appear at the 341 meeting of creditors, and (iii) provide the U.S. Trustee with any of the information requested of the Debtor.

Based on the statements and schedules filed in the Debtor's prior chapter 13 case, the Debtor is the apparent owner of several parcels of real estate located in the District of Columbia. A review of the schedules filed in the previous case shows that the real estate constitutes most of the assets of the estate and, without insurance, remain at risk. The Debtor has failed to provide to

the U.S. Trustee proof of insurance coverage on the properties. Lack of insurance is one of the biggest concerns for a case where insurance is essential to preserve the assets and protect the bankruptcy estate. Under § 1112(b)(4)(C) cause exists for "failure to maintain appropriate insurance that poses a risk to the estate or to the public". The Debtor has not provided proof of insurance showing that he has adequate insurance on the properties, which would protect the estate and pose risk to the public and the estate. This is cause for conversion or dismissal of the case.

Under 11 U.S.C. § 1112(b)(4)(H) cause exists for "failure timely to provide information or attend meetings reasonably requested by the United States Trustee."  As of the date and time of filing this Motion, the U.S. Trustee has not received **any** of the documents requested by the U.S. Trustee, including but not limited to copies of insurance policies on the real properties owned by the Debtor, copies of federal tax returns, pre-petition bank statements, evidence of closing pre-petition bank accounts, and opening of new DIP accounts.  Furthermore, the Debtor failed to appear at the IDI scheduled for December 19, 2025.  The Debtor also did not appear at the 341 meeting of creditors in this case that was called on January 8, 2026 at 2:00 p.m. Failure to attend the IDI and 341 meeting of creditors is cause for conversion or dismissal of the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds

for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order dismissing this case.

January 9, 2026

MATTHEW W. CHENEY
ACTING U.S. TRUSTEE, REGION 4

By: */s/ Kristen S. Eustis*
Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

<u>**Certificate of Service**</u>

I hereby certify that on January 9, 2026, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Alain Perpetus Joseph alainpjoseph@gmail.com

Mark Meyer bankruptcy@rosenberg-assoc.com, bankruptcy@rosenberg-assoc.com

Gregory C Mullen bankruptcy@bww-law.com, bankruptcy@albalawgroup.com;Gregory.c.mullen@gmail.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV


I further certify that on January 9, 2026, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtor and the Debtor's List of Creditors who have the 20 Largest Unsecured Claims, as listed below:

Alain Perpetus Joseph
126 Adams St. NW, Unit 1
Washington, DC 20001

No Debtor's List of 20 Largest Unsecured Claims filed.


*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist